JERRY E. SMITH, Circuit Judge,
joined by JONES, CLEMENT, OWEN, and SOUTHWICK, Circuit Judges, dissenting from the denial of rehearing en banc:
The opinion for the panel majority, although well crafted, takes Indian law well beyond anything supported by applicable precedent. I respectfully dissent from the denial of rehearing en banc.
I have explained why the majority opinion is error. See Dolgencorp, Inc. v. Miss. Band of Choctaw Indians, 732 F.3d 409, 419-24 (5th Cir.2013) (Smith, J., dissenting). But error — indeed even grave error, as here — is ordinarily not enough to warrant en banc review. Such rehearing is justified if the proceeding involves a question of exceptional importance. Fed. R.App. P. 35(a)(2). That test is easily met here, because [t]his ruling profoundly upsets the delicate balance that the Supreme Court has struck between Indian tribal governance ... and American sovereignty. Dolgencorp, 732 F.3d at 419.
Until now, no circuit court of appeals had upheld Indian-court jurisdiction, under the so-called first exception announced in Montana v. United States, 450 U.S. 544, 564, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), over a tort claim against a non-Indian defendant. The holding is ambitious, to say the least, coming from a circuit that decides little Indian law. If this court is to work such a change in established precedent, it should be the careful work of the full court and not just a two-judge majority-
The panel majority emphasizes the reprehensible nature of the alleged act by opining that [i]t is surely within the tribe’s regulatory authority to insist that a child working for a local business not be sexually assaulted by the employees. Dolgen-corp, 732 F.3d at 415. Even this horrendous deed, however, does not implicate tribal self-government or the tribe’s ability to control internal relations. Montana, 450 U.S. at 564, 101 S.Ct. 1245. Moreover, ho remedy is lost, because it is undisputed that the state courts of Mississippi are fully empowered to vindicate the plaintiff’s rights; this is mainly a turf battle over whether Indian sovereignty trumps the right of a non-Indian to have its case tried in an American forum.
As I showed in dissent, all of the Supreme Court’s post-Montana decisions have tended to limit Indian-court jurisdiction in cases such as this. Nowhere has the Court endorsed no-holds-barred Indian jurisdiction requiring non-Indians to defend, on the basis of implicit consent by *590 their presence and activity on a reservation, tort actions of whatever nature. The Supreme Court’s recent pronouncement is plain: Regulation of the affairs of non-Indians must stem from the tribe’s inherent sovereign authority to set conditions on entry, preserve tribal self-government, or control internal relations. Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 337, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008) (citing Montana, 450 U.S. at 564,101 S.Ct. 1245).
An act committed by a non-Indian on an Indian' — even where the alleged facts are as distasteful as these — should not be a vehicle for disrupting the carefully-drawn line separating tribal and U.S. sovereignty. I respectfully dissent.